IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
DOROTHY McCURDY,              )
                              )
    Plaintiff,                )
                              )     CIVIL ACTION NO.
    v.                        )      3:14cv226-MHT
                              )           (WO)
AUBURN UNIVERSITY,            )
et al.,                       )
                              )
    Defendants.               )
```

OPINION AND ORDER

The issue presented in this lawsuit charging race discrimination in employment is whether exhibits submitted in support of a motion to enforce a settlement agreement should be unsealed. For reasons that follow, the court will unsealed and make public the exhibits.

Plaintiff Dorothy McCurdy, who represents herself, has named Auburn University and several of its employees as defendants. She has charged that, on account of her race, the defendants paid her less than other employees doing comparable work, denied her a promotion, and subjected her to a hostile-work

environment, all in violation of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §§ 1981a and 2000e through 2000e-17), and the Civil Rights Act of 1866, as amended (42 U.S.C. § 1981).  This court has jurisdiction under 42 U.S.C. § 2000e-5(f)(3) (Title VII) and 28 U.S.C. § 1343(a)(3) (civil rights).

The court sealed a number of exhibits the defendants submitted in support of their motion to enforce a settlement agreement they contend was entered between them and McCurdy.  The exhibits include emails between counsel for the parties regarding the settlement agreement; emails and a letter regarding McCurdy's refusal to sign the settlement agreement; the minutes of an on-the-record settlement conference held before a United States Magistrate Judge; and a copy of the purported settlement agreement.

However, the court cautioned that the exhibits were being sealed "only conditionally or temporarily" and that the "court [would] decide later whether the documents should remain sealed or should be unsealed." Order dated December 29, 2015 (doc. no. 75).

There is a general, but qualified common-law right of the public to access judicial records.  Todd v. Daewon America, Inc., 2014 WL 2608454, at *2 (M.D. Ala. June 11, 2014).  Judicial records "are matters of utmost public concern."  Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting Landmark Commc'ns, Inc. v. Virginia, 435 U.S. 829, 839 (1978)).  The exhibits at issue are part of the judicial record because they were filed with the court in support of the motion to enforce the settlement; they are not merely a product of discovery.  See id. (stating that "[m]aterial filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access.").  Thus, these documents are part of the judicial record, and a qualified right a public access attaches to them.

The general right of public access to judicial records is especially strong here because the exhibits dispositively affect the resolution of this case or how it will ultimately be decided.  See Stalnaker v. Novar Corp., 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003)

(Thompson, J).  If the settlement is enforced, the case will be resolved and therefore will be closed.

Moreover, the fact that the exhibits go directly to disposition of a case against a taxpayer-funded public institution, that is, Auburn University, reinforces the public right of access.  See Romero, 480 F.3d at 1246 (explaining that "whether information concerns public officials or public concerns" is a factor in determining if the public can view court documents).

Admittedly, extraordinary circumstances may justify keeping judicial records outside the public view. Todd, 2014 WL 2608454, at *3.  In other words, there may be a compelling reason to deny public access. Brown v. Advantage Engineering, Inc., 960 F.2d 1013, 1014 (11th Cir. 1992); see also Romero, 480 F.3d at 1246 (stating that "common law right of access may be overcome by a showing of good cause.").  For example, there is a compelling interest in secrecy if trade secrets or informants' identities would be revealed in judicial records, or if children's privacy would be affected by public access to judicial records.

4

Stalnaker, 293 F. Supp. 2d at 1264.  The mere fact that McCurdy and the defendants have agreed to confidentiality is not sufficiently compelling to deny the public access to the evidentiary basis for the disposition of this case.  See Todd, 2014 WL 2608454, at 3 ("The mere fact that both parties have agreed to confidentiality of an agreement is insufficient to overcome the right of the public to have access to the agreement.").  The parties have therefore not demonstrated any extraordinary circumstance that would merit the sealing of these exhibits.

Accordingly, the exhibits, which were provisionally sealed, will be unsealed.

\* \* \*

For the foregoing reasons, it is ORDERED that the exhibits submitted by the defendants (doc. nos. 65, 66, and 76)) are unsealed.

DONE, this the 29th day of December, 2015.

                     /s/ Myron H. Thompson
                     **UNITED STATES DISTRICT JUDGE**