IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| DOROTHY McCURDY, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
|     v. | ) | 3:14cv226-MHT |
| | ) | (WO) |
| AUBURN UNIVERSITY, | ) | |
| et al., | ) | |
| | ) | |
|     Defendants. | ) | |

OPINION AND ORDER

Plaintiff Dorothy McCurdy names Auburn University
and several of its employees as defendants.   She
charges that, on account of her race, the defendants
paid her less than other employees doing comparable
work, denied her a promotion, and subjected her to a
hostile-work environment, all in violation of Title VII
of the Civil Rights Act of 1964, as amended (42 U.S.C.
§§ 1981a and 2000e through 2000e-17), and the Civil
Rights Act of 1866, as amended (42 U.S.C. § 1981).
This court has jurisdiction under 42 U.S.C.
§ 2000e-5(f)(3) (Title VII) and 28 U.S.C. § 1343(a)(3)
(civil rights).

The cause is now before the court on the defendants' motion to enforce settlement. McCurdy, who is now representing herself, opposes the motion. For the reasons below, the motion will be granted.

## I. BACKGROUND

Seeking assistance in reaching settlement, McCurdy's then-counsel, along with counsel for defendants, made the court aware that they wanted to participate in the court's mediation program. On October 29, 2015, a United States Magistrate Judge convened a settlement conference, and, after several hours of mediation, the parties reached an apparent settlement agreement. The magistrate judge then went on the record to confirm the agreement. McCurdy, her then-counsel, and defense counsel were present in this hearing. Defense counsel explained the terms of the settlement, which included that McCurdy and her then-attorney would receive two amounts totaling $ 60,000 and that, in turn, the defendants would receive a full and general release from McCurdy. The

2

magistrate judge asked McCurdy if she agreed to those terms, and she answered affirmatively.  The magistrate judge also asked McCurdy if she felt that the settlement agreement was in her best interests, and she agreed.

On October 30, 2015, the court then entered an order dismissing this case, albeit "with leave to any party to file, within 49 days, a motion to have the dismissal set aside and the case reinstated or the settlement enforced, should the settlement not be consummated." Order (doc. no. 63).  However, McCurdy has not signed the settlement agreement and now disputes that she agreed to it.

On December 3, 2015, within the 49-day period allowed by the dismissal order, the defendants filed a motion to enforce the settlement agreement.

At a hearing on the enforcement motion on December 9, 2015, the court allowed McCurdy's counsel to withdraw, and McCurdy proceeded to represent herself. McCurdy and defense counsel then presented evidence and argument to the court.

## II. DISCUSSION

A district court ordinarily has the power to enforce a settlement agreement entered into while litigation is pending before that court. Stoudmire v. U.S. Xpress, Inc., 2013 WL 1363484, at *2 (M.D. Ala. 2013) (Thompson, J.). If the parties reach a settlement and voluntarily dismiss the lawsuit, but a subsequent dispute over the settlement arises, the court may adjudicate the matter only if the prior dismissal order expressly retained jurisdiction to do so. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 381-82 (1994). Here, the court's dismissal order expressly retained jurisdiction to set aside dismissal and resolve any motion to enforce settlement filed within 49 days. The defendants' motion was filed within this time-frame.

In determining whether a valid, enforceable settlement has been reached by the parties, federal courts have differed on the source of law to apply. Courts have decided on some occasions that federal law

4

governs and, on other occasions, that state law governs.  <u>See</u> <u>Jowers v. Ala. Bd. of Pardons, and</u> <u>Paroles</u>, 2013 WL 424726, at *1 (M.D. Ala. 2013) (Thompson, J) (citing cases taking both approaches); <u>see also</u> <u>Gamewell Mfg., Inc. v. HVAC Supply, Inc.</u>, 715 F.2d 112, 113-16 (4th Cir. 1983) (same).  In this case, "the court need not resolve which body of law applies" because the settlement between McCurdy and the defendants is enforceable under both federal law and Alabama law.  <u>Jowers</u>, 2013 WL 424726, at *1 (quotation marks and citation omitted).

ALABAMA LAW: Under Alabama law, an attorney has the authority to bind his client by a settlement agreement if it is reduced to writing or put on the minutes of a court proceeding.  <u>See</u> 1975 Ala. Code § 34-3-21; <u>see also</u> <u>Mays v. Julian LeCraw and Co., Inc.</u>, 807 So. 2d 551, 554 (Ala. Civ. App. 2001) (stating that "Section 34-3-21, Ala. Code 1975, governs the validity and enforcement of settlement agreements reached between the parties at the trial-court level.").  It is undisputed that a settlement between McCurdy's

5

then-counsel and defense counsel was entered on the minutes of the court during an on-the-record court proceeding before the magistrate judge.

However, admittedly, if there was no meeting of the minds before agreeing to the settlement agreement, that is, if the parties did not "assent to the same thing and in the same sense," it could be argued that the settlement agreement is not valid and therefore cannot be enforced. Allen v. Allen, 903 So. 2d 835, 840 (Ala. Civ. App. 2004) (quoting Lilly v. Gonzalez, 417 So. 2d. 161, 163 (Ala. 1982). Whether there was a meeting of the minds "is determined by reference to the reasonable meaning of the parties' external and objective actions." Id. (quoting SGB Constr. Servs, Inc. v. Ray Sumlin Constr. Co., 644 So. 2d. 892, 895 (Ala. 1994)).

Here, McCurdy contends that the settlement was only a partial one, that is, that it did not cover all her claims. She further maintains that, if her then-counsel he did agree to settle all the claims, he failed to notify her of that. The court is convinced from the evidence, and so finds, that McCurdy herself fully

6

understood that all her claims were being resolved and that she knowingly and voluntarily entered into the agreement resolving all her claims.  In short, there was a full meeting of the minds not only between McCurdy's then-attorney and defense counsel but between McCurdy herself and defense counsel.

During the proceeding before the magistrate judge, defense counsel announced the settlement terms in the presence of McCurdy.  The announcement did not include any indication that the parties settled only some of their claims and not all of them.  Defense counsel stated,

> "We've reached a settlement, Your Honor.  The dollar amount is $ 60,000. $ 31,804 of that is designated as back pay wages.  Our agreement includes the usual and standard terms, including a full and general release, an agreement not to rehire, and our usual terms."

McCurdy Settlement Conference Tr. (doc. no. 64) at 2:22 thru 3:1.  After defense counsel made this representation, the magistrate judge said to McCurdy, "And Ms. McCurdy, you've heard the terms that [defense counsel] has said.  You agree those are the terms of

the settlement agreement?" _Id_. at 3:6-8. McCurdy responded, "Yes, sir." _Id_. at 3:6-9.  The magistrate judge then said to her, "And you agree that this settlement is in your best interest?" _Id_. at 3:10-11. McCurdy replied, "Yes, sir."  _Id_. at 3:12.

Then, at the conclusion of the hearing, and still in the presence of McCurdy and all counsel, the magistrate judge instructed the parties to ask the trial judge "to suspend any further action" in the case and to notify the trial judge of the settlement and "dismissal of the case." McCurdy Settlement Conference Tr. (doc. no. 64) at 3:20-25.  McCurdy did not object when she heard that.

The only reasonable meaning one can draw from McCurdy's and her then-attorney's statements and actions is that they fully understood that she was entering into a settlement agreement on all claims. This notion of a partial settlement is nowhere to be found in the recorded proceedings before the magistrate judge; it is nothing more than a belated effort by McCurdy to get out of the settlement to which she and

her then-attorney fully, voluntarily, and knowingly agreed.

McCurdy is therefore required to comply with the settlement by not only her then-attorney's actions but her own.

FEDERAL LAW: The settlement is also enforceable under federal law, which requires only that settlement agreements "be entered into voluntarily and knowingly" by the plaintiff." Fulgence v. J. Ray McDermott & Co., 662 F.2d 1207, 1209 (5th Cir. Dec. 7, 1981).[*] As to voluntariness, there is no evidence whatsoever that McCurdy was coerced into settling this case. And, while McCurdy contends that she did not know that she was settling the entire case, the court is convinced otherwise for the reasons set forth above.

---

[*] The Eleventh Circuit has adopted as precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981, and all Former Fifth Circuit Unit B and non-unit decisions rendered after October 1, 1981. See Stein v. Reynolds Secur., Inc., 667 F.2d 33, 34 (11th Cir. 1982); Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

* * *

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) The judgment of dismissal (doc. no. 63) is vacated and this case is reopened.

(2) The defendants' motion to enforce settlement (doc. no. 65) is granted.

(3) All parties are enjoined and restrained from failing to comply with the settlement agreement (doc. no. 76) and said settlement agreement is adopted as the order of the court.

(4) Pursuant to the settlement agreement (doc. no. 76), it is declared that defendants are released and discharged from all of plaintiff's claims as set forth in the settlement agreement (doc. no. 76).

The clerk of the court is DIRECTED to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

10

This case is closed again.

DONE, this the 30th day of December, 2015.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE